# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UN2JC AIR 1, LLC, a Nevada limited
liability company,

        Plaintiff,

        vs.                                 No. CIV-05-953 JEC/RLP

WORLD JET OF DELAWARE, INC.,
a Delaware corporation, JIM DESALVO,
R.D. WHITTINGTON, ROBERTSON
AIRCRAFT, INC., a New Mexico corporation,
JOHN DOE I and JOHN DOE 2,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Opposed Motion to Dismiss, or, in the Alternative, to Stay Proceedings, filed November 3, 2005 (*Doc.* 15). Defendants move for dismissal in this case on the grounds that (1) the Court should abstain from exercising its jurisdiction to hear this matter as a substantially similar matter is pending in a state court; and (2) a forum selection clause designates the state of Florida as the proper venue for the settlement of all disputes arising from the lease which is in question in this case. The Court, having reviewed the Motion, memoranda and exhibits submitted by the parties, finds the Motion to be well-taken, and it is **granted**.

## I.    Background

A state court action was filed by Defendant World Jet of Delaware, Inc. ("Defendant") against Plaintiff UN2JC Air 1 ("Plaintiff") on June 21, 2005, in the Circuit Court of the 17th

Judicial Circuit for Broward County, Florida.  The cause of action currently before this Court was filed on September 2, 2005.  The original state court action pertains to a lease of an aircraft between these two parties, referred to as the "Lear 35 Lease Purchase Agreement," and a repair agreement, referred to as the "Final Aircraft Delivery Receipt and Repair Addendum."  Both of these agreements are attached as exhibits to both the state and federal complaints.  According to Plaintiff's version of events, Plaintiff was in lawful possession of the aircraft when Defendant World Jet essentially stole it, with the cooperation of Defendant Robertson.  Defendants maintain, however, that the taking of the aircraft was a lawful repossession.  The state court action is for declaratory relief and requests the court declare the rights of the parties as to the lease purchase agreement, and whether it was properly terminated.  This federal court action is for the claims of conversion and conspiracy.

Defendant Jim DeSalvo is a director and a representative of Defendant World Jet. Defendant R.D. Whittington is the President of Defendant World Jet.  Robertson Aircraft is a private facility located in Albuquerque, New Mexico.

## II.    Standard of Review

A complaint may be dismissed pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In deciding a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true (*See Albright v. Oliver*, 510 U.S. 266, 268 (1994)), and views them in the light most favorable to the nonmoving party. *Sutton,* 173 F.3d at 1236.

2

### III.   Discussion

#### A.   Abstention

Federal courts have an obligation to adjudicate claims that are properly presented and within their subject matter jurisdiction. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).  There are several instances when a court may refrain from exercising the jurisdiction which is properly before it.  One of these means of abstention may be exercised when there is a contemporaneous exercise of concurrent jurisdiction, either by federal courts or by state and federal courts.  *Id*.  This "Colorado River" doctrine permits a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.  *Id*.  In determining whether a federal court should abstain from hearing a matter that is pending in a state court, the federal court should consider the existence of several circumstances, including: (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal or state law will be applied; and (6) the adequacy of each forum to protect the parties' rights. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 15-16 (1983).

The Tenth Circuit has echoed these decisions and determined that the decision to defer to state court jurisdiction is left to the discretion of the district court.  *Fox v. Maulding*, 16 F.3d 1079 (10th Cir. 1994).  The Tenth Circuit, in agreement with the Fourth and Seventh Circuits, has held that before courts examine what these exceptional circumstances are, however, they must

first determine whether the federal and state proceedings are parallel. *Id*. at 1081 (citing *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir.1992); *New Beckley Mining Corp. v. International Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir.1991). The definition of parallel suits is met if, "substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp.*, 946 F.2d at 1073. The Tenth Circuit has further held that the proceedings must be examined "as they actually exist" in determining whether they are truly parallel. *Fox*, 16 F.3d at 1081.

        1.      Parallel Litigation

As noted above, the federal and state suits are determined to be parallel if substantially the same parties are litigating substantially the same issues. Here, Plaintiff argues that neither the parties nor the issues are substantially the same in the federal litigation. The parties at contention in this issue are Defendants Jim DeSalvo and R.D. Whittington, as well as Robertson Aircraft, Inc. and John Does 1 and 2.

The state court action was for a declaratory judgment on the issue of the lease between the Plaintiff and the Defendants. Plaintiff's federal complaint alleges counts including conversion, conspiracy, bailment and breach of contract. Plaintiff argues that one of the distinction between the two complaints lies in that in the federal action, they are not seeking remedies for a breach of the lease agreement. The issue of whether the aircraft was converted from Plaintiff's possession, however, and whether there was a conspiracy undertaken by Defendants' employees and Robertson Aircraft to do so, does stem from how this lease is likely to be interpreted. More specifically, Plaintiff's federal claims appear to all be reliant upon whether Plaintiff had the right to

the continuous possession of the aircraft in question.

        Here, both cases involve the same lessor and lessee under the same lease, and both cases are litigating the rights and obligations of the parties as pertaining to this lease.  Although Plaintiff's claims for conversion and conspiracy cannot be resolved until the terms of the parties' lease agreement have adequately been resolved, the state court proceeding is still a proper venue for this resolution.  Although Plaintiff did not file a complaint asserting conversion or other torts in Florida state court, Plaintiff does raise these issues in its Motion to Strike as Sham, which was filed with the Florida court (Pl.'s Ex. A).  This enables the Court to draw parallels between the two actions.  Even if the tort issues that Plaintiff is asserting are not somehow resolved in the state court proceeding, however, if this Court stays the federal action, Plaintiff will not have lost the opportunity entirely to bring these claims.

        Further, the parties now involved in this federal suit, while admittedly more in number than the parties in the state suit, are substantially similar enough to hold that these proceedings are parallel.  While the individually named Defendants do not appear in the caption of  the state court complaint, they are officers or agents of the Defendant corporation.  Plaintiff does not rebut this. The John Does named have not yet been identified, and their relevance to these proceedings has not yet been further defined or determined.  The only remaining party in contention is Robertson Aircraft, Inc.  The Court concedes that this Defendant is somewhat incongruous to the proceedings in Florida.  However, this Defendant has agreed to be joined in the Florida complaint and to accept its jurisdiction.  Reply at 6.  This fact alone does not make the proceedings now parallel, as this district court must examine the two proceedings as they actually exist, not as they

could be made to exist in the future.  However, this Court still has the discretion to determine whether the parties and issues are *substantially similar*, not whether they are exact.  Therefore, the parties and issues in the state proceeding are deemed substantially similar to the parties and issues in the federal proceeding, so as to proceed to the next step in analysis: whether exceptional circumstances merit the dismissal or stay of this federal action.

2.      Exceptional Circumstances

Only after a determination that the federal and state suits are parallel, do the additional "exceptional" factors need to be considered.  The Tenth Circuit determined that the list of factors set forth in *Moses Cone* was not a conclusive list.  *Fox*, 16 F.3d at 1082.  When performing this analysis, no one factor should be dispositive, but instead a careful balancing of all considerations should be engaged in by the court.  *Id*. (citing *Moses H. Cone*, 460 U.S. at 16).  Therefore, this Court will now proceed to conduct a careful balancing of the factors as set out in *Moses H. Cone*.

a.      Whether one court has assumed jurisdiction over the property

Both Plaintiff and Defendants agree that this factor is neutral as neither court has assumed jurisdiction over the property in question here.

b.      Convenience of the federal forum

Defendants argue that the location of the federal forum (New Mexico) is not convenient for any of the parties, as neither Plaintiff nor any Defendants (except Defendant Robertson) reside in or conduct business in New Mexico.  Plaintiff argues, though, that the actions giving rise to its cause of action in this case occurred in New Mexico, so that, therefore, the forum must be convenient.  In the same breath, however, Plaintiff admits that, "it may be true that it is

6

incovenient for the parties (except Robertson) to conduct litigation in this forum ..." Resp. at 13.

This Court does not construe Plaintiff's argument to mean that New Mexico would be a more convenient forum. Indeed, the fact that almost no parties reside in or conduct business in this state means that this factor weighs in favor of the Florida state forum, which presumably does provide the residence of place of business to more than one party in these suits. Therefore, the Court finds this factor to weigh in favor of the Defendants and the state forum.

c.      Potential for piecemeal litigation

There is clearly potential for piecemeal litigation here, as the state suit was filed before the federal one, and involves many of the same issues. Further, because the suits are logically connected because of the substantial similarities of the issues and the parties, it seems that to conduct the two suits at the same time would be unwieldy and potentially unnecessary if the state forum could resolve all of the issues asserted. This Court is not blind to the logic that Plaintiff's tort claims brought here are not necessarily dependent upon the outcome of the state court proceeding. Reason dictates, however, that this is probably not the case. Therefore, this factor also weighs in favor of the state forum.

d.      Order of proceedings

This factor weighs in favor of the state court action, as the Florida court acquired jurisdiction over the action first. As Plaintiff notes, the state court jurisdiction only preceeded this Court's jurisdiction by a space of three months; yet, this is definitively enough time to clearly state that the state court obtained jurisdiction first. If the difference had only been a matter of days, or even weeks, this Court might not have been inclined to weigh this factor in favor of the state

7

forum.

        e.      Whether federal or state law will be applied

Defendants argue that this factor also weighs in favor of a state court action, as Florida law would necessarily be applied to the claims before this court, as provided by the terms of the lease in question.  Plaintiff argues that whether Florida or New Mexico law would be applied is irrelevant, as this Court is equally able to apply either.  While this is true, it is relevant that the claims before the Court in the federal action are not purely federal claims, but causes of action which require the interpretation of state law.  Further, the state law to be interpreted is possibly not even the state in which this Court resides.  Therefore, this factor does weigh in favor of the state court proceeding.

        f.      The adequacy of each forum to protect the parties' rights

Both forums are more than adequately situated as to protect the parties' rights.  Therefore, this factor is neutral as well.

        3.      Analysis of the Balancing Test

Based upon the careful balancing of the above factors, this Court can reach no other conclusion but that the state forum is at this time the proper venue for these parties and issues.  With this in mind, this Court must now decide whether to dismiss the federal action outright or to stay the proceedings, pending the resolution of the state court action.

Although the Supreme Court has not determined whether a dismissal or a stay of the proceedings is a more appropriate course of action, the Tenth Circuit has held that a stay is usually considered the better choice, as it preserves the availability of the federal forum.  *Fox*, 16

F.3d at 1082-83.  Therefore, this Court hereby stays Plaintiff's complaint until the resolution of the pending state court proceedings.

**B.      Forum Selection Clause**

As the Court has determined that enough exceptional circumstances exist to at least stay the federal suit, pending the outcome of the state proceedings, analysis of the enforceability of the forum selection clause is unnecessary at this time.  Because this Court has decided to stay the proceedings, it now will not engage in resolving any substantive part of this case, which analyzing the forum selection clause might mean.

Wherefore,

**IT IS ORDERED** that Defendants' Opposed Motion to Dismiss, or, in the Alternative, to Stay Proceedings, filed November 3, 2005 (*Doc*. 15) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Amended Verified Complaint for Equitable Relief and Damages, filed October 11, 2005 (*Doc*. 11) is **STAYED**, pending the resolution of state court proceedings.

**DATED** June 21, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

    Troy C. Brown, Esq.
    El Paso, Texas

Counsel for Defendants:

    William J. Cooksey, Esq.
    Dubois, Cooksey & Bischoff, P.A.

Albuquerque, New Mexico